Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   vs.<br><br>PACIFIC FUN ENTERPRISES LLC d/b/a SNAPPERS SPORTS BAR AND GRILL, d/b/a SNAP-ETTE BEACH AND LIQUOR STORE, and Does 1-5 Inclusive,<br>        Defendants. | Case No.:<br><br>**COMPLAINT—Title VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br>• **Constructive Discharge**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

1

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to a class of similarly aggrieved female employees (collectively "Claimants") who were adversely affected by such practices.

As set forth with greater particularity in paragraphs 15 to 17 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") asserts that Defendant Pacific Fun Enterprises LLC d/b/a Snappers Sports Bar and Grill, d/b/a Snap-ette Beach and Liquor Store, and Does 1-5 ("Defendant"), engaged in unlawful discrimination when they subjected the Claimants to unwelcome physical and verbal sexual conduct which was sufficiently severe or pervasive to adversely affect the terms and conditions of their employment and create a hostile work environment.  This hostile work environment became intolerable and caused many of the Claimants to be constructively discharged.  The EEOC further alleges that Defendant subjected Claimants to unlawful retaliation when it reduced their work shifts, subjected them to unfavorable terms and conditions of employment and/or terminated their employment for engaging in statutorily protected activities.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.     This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

4. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Pacific Fun Enterprises LLC d/b/a Snappers Sports Bar and Grill, d/b/a Snap-ette Beach and Liquor Store has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Pacific Fun Enterprises LLC d/b/a Snappers Sports Bar and Grill, d/b/a Snap-ette Beach and Liquor Store has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7. All the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly,

and/or severally.

8.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known.  Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Jessica Root filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Pacific Fun Enterprises LLC d/b/a Snappers Sports Bar and Grill, d/b/a Snap-ette Beach and Liquor Store, including the allegations that other female employees were subject to harassment and discrimination.

10.    On July 7, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII by subjecting Charging Party and a class of similarly situated individuals to sexual harassment, sex-based harassment (female), constructive discharge, and retaliation for engaging in a protected activity.  The Commission further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11.    The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.    The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendant a conciliation agreement acceptable to the Commission.

13. On August 31, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. Since at least 2010, Defendant Pacific Fun Enterprises LLC engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a) by subjecting the Charging Party and a class of female employees to unwelcome sexual conduct, constructive discharge, retaliation against females by its owner, management, employees and patrons. The sexual conduct was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

    a. Charging Party worked for Defendant Pacific Fun Enterprises LLC as a Server. From February 2011 to March 2015, Defendant's owner, director, agent and/or alter ego Michael Wenzel ("Wenzel") subjected Charging Party to regular and repeated sexual harassment, including but not limited to calling her a "slut" and a "whore", ripping Charging Party's bikini top in front of patrons, telling Charging Party that he had dreams about Charging Party having sex, telling Charging Party about his sex acts with others, and making lewd and degrading comments of a sexual nature about other female employees' breasts and buttocks. Such conduct was unwelcome by Charging Party. When Charging Party objected to the comments and complained to Wenzel about how the sexual harassment offended, distressed and humiliated her, Wenzel failed to take corrective action and continued subjecting Charging Party to further sexual harassment.

    b. The sexual harassment that other Claimants were subjected to includes, but is not limited to, Owner Wenzel telling a female employee that he fantasized having sex with her, trying to kiss the employee, unwanted fondling

5

employees, making sexually inappropriate comments about the breasts and buttocks of female employees, and requiring female employees to wear cut up shirts and shorter shorts to reveal more "skin."  Other management officials, employees and patrons, similarly subjected female employees to harassment, including but not limited to demanding sexual intercourse or asking them to play with sex toys together, making frequent sexual comments, and unwanted touching of female employees' arms, breasts and buttocks, leering, brushing against women's bodies, and calling female employees "bitch," "sexy," and a "slut."

    c.   The sexual harassment was unwelcome.  The Claimants were offended by the sexually offensive and egregious conduct.  Claimants reported the repeated sexual harassment by patrons to Defendant, who simply shrugged it off and told the Claimants to "handle it on your own."

    d.   The sexual harassment was sufficiently severe or pervasive to create a hostile work environment.  The sexual conduct described in Paragraph 15 was pervasive in the workplace as it occurred almost on a daily basis.  The sexual conduct was severe as it included sexual advances, demands for sexual favors, graphic sexual comments, and highly offensive physical touching of a sexual nature.

    e.   Defendant is liable for the hostile work environment created by the harassing officials in their respective capacities as owner and management. Claimants took reasonable steps to stop the sexual harassment when they complained to Wenzel about the inappropriate nature of the harassment and how they were offended. However, Defendant and owner Wenzel failed to take reasonable steps to prevent and correct the harassment, but instead continued the harassment and even engaged in tangible employment actions of reducing some of the Claimants' work shifts, terminating them and/or causing their constructive discharge. Many of the claimants who suffered sexual harassment in Paragraph 15

above were constructively discharged when they resigned as a result of the intolerable work conditions created by the hostile work environment. Defendant knew or should have known of the harassment because owner Wenzel and other management witnessed the harassment, engaged in it and Charging Party and other claimants complained, but Defendant failed to take effective, remedial action.

16. Defendant violated Section 704 of Title VII when it subjected Charging Party and other claimants to unlawful retaliation for complaining about the hostile work environment.

    a. Claimants engaged in a protected activity when they opposed the unlawful sexual harassment by complaining and requesting that they act to stop it.

    b. Defendant subjected Claimants to an adverse employment action when it reduced the claimants' shifts and/or terminating their employment.

17. The conduct described in Paragraph 15 resulted in the constructive discharge of female employees who were forced to resign because of the harassment.

18. The effect of the practices complained as described in paragraphs 15-17 has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (female).

19. The effect of the practices complained of in paragraphs 15-17 above has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

20. The unlawful employment practices complained of in paragraphs 15-17 above were intentional and caused Charging Party and a class of aggrieved individuals to suffer emotional distress.

21. The unlawful employment practices complained of in paragraphs 15-17 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C. Order Defendants to make the class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make the class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order each Defendant to pay the class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 25, 2017                    Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION